**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE HENAO, | No. 17-17269 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00646-DKW-RLP |
| v. | |
| HILTON GRAND VACATIONS INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted June 12, 2019**
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit Judges.

Plaintiff-appellant Jose Henao appeals the district court's grant of summary judgment in favor of defendant-appellee Hilton Grand Vacations Company, LLC, ("Hilton") in Henao's diversity action alleging that he was wrongfully terminated

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in violation of Hawaii Revised Statutes § 378–62, also known as Hawaii's Whistleblower Protection Act (HWPA). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Henao was hired by Hilton as a sales agent in 2012. Henao alleges that he was wrongfully terminated in July 2016 after complaining to his employer about unlawful age discrimination practices. Henao subsequently filed a complaint in Hawaii state court claiming that he was wrongfully terminated by Hilton due to his complaints to management about unlawful age discrimination in violation of the HWPA. Hilton removed the case to federal district court, then moved for summary judgment on the basis that Henao was never terminated by Hilton. The district court granted summary judgment for Hilton, agreeing that Henao was never actually terminated and thus was unable to satisfy the "adverse employment action" requirement of his HWPA claim.

To establish a prima facie case for retaliation under the HWPA, the plaintiff must prove that: (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) the protected activity was a "substantial or motivating factor" in the adverse employment action. *See Crosby v. State Dep't of Budget & Fin.*, 876 P.2d 1300, 1310 (Haw. 1994). The sole adverse employment action alleged in Henao's complaint as the basis for his HWPA claim was his wrongful termination in July 2016.

According to Henao, the district court erred in granting summary judgment because a rational factfinder could conclude that he had been terminated by Hilton in July 2016 based on evidence of the following facts: (1) he was told by two supervisors to "pick up [his] personals and go home"; (2) two colleagues also heard on separate occasions from different supervisors that Henao had been terminated; (3) Hilton thereafter placed Henao's brokerage license in inactive status; and (4) Hilton did not oppose Henao's application for unemployment compensation, which the State of Hawaii subsequently granted. Even if we accept each of Henao's factual allegations as true, however, they present no controversy with regard to the record evidence that: (1) the two supervisors who allegedly told Henao to "go home" lacked any authority to fire him; and (2) the Hilton executives who did possess the authority to terminate Henao chose not to do so and communicated this decision to Henao on multiple occasions thereafter.

As to Henao's remaining arguments, even assuming the district court erred in its interpretation of Henao's leave pursuant to the Family Medical Leave Act, and erred by excluding two of his colleagues' statements, neither of these errors affect the lack of genuine controversy regarding the termination authority of Henao's supervisors. Thus, even after drawing all reasonable inferences supported by the evidence in favor of Henao, there is no genuine issue as to whether Henao was terminated as alleged in his HWPA claim. *See Villiarimo v. Aloha Island Air, Inc.*,

3

281 F.3d 1054, 1061 (9th Cir. 2002).  Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED**.